# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-1532V
### Filed: February 4, 2019
UNPUBLISHED

|  |  |
|---|---|
| LATOYA CHRISTIE, as parent and next friend of P.A., a minor<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Rotavirus Vaccine; Intussusception |

*Howard Scott Gold, Gold Law Firm, LLC, Wellesley Hills, MA, for petitioner.*
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On October 16, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered intussusception after a rotavirus vaccine. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 21, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for intussusception. On February 1, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $4,879.52

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

to satisfy the State of New York Medicaid lien.  Proffer at 2.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.  *Id.*

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner:**

a. **A lump sum of $4,879.52**, which amount represents reimbursement of a State of New York Medicaid lien, in the form of a check payable jointly to petitioner and:

New York State Department of Health
Mail to:
New York State Department of Health
P.O. Box 415874
Recovery Case #: 123918.

Petitioner agrees to endorse this payment to the New York State Department of Health; and

b. **An amount sufficient to purchase the annuity contract described in the Proffer at Section II.B.**

This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____

|  |  |  |
|---|---|---|
| LATOYA CHRISTIE, as parent and next friend of P.A., a minor | ) ) ) ) | |
| Petitioners, | ) ) | No. 17-1532V |
| v. | ) ) | Chief Special Master Dorsey ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) ) | |

_____

## RESPONDENT'S PROFFER OF DAMAGES

### I.   Procedural History

On October 16, 2017, Latoya Christie ("petitioner"), as the parent of P.A., a minor, filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*.  Petitioner alleges that, as a result of receiving the rotavirus vaccine on February 28, 2017, P.A. suffered from intussusception.  Petition at 1-3.  On June 18, 2018, respondent filed his Vaccine Rule 4(c) report, conceding that P.A.'s alleged injury meets the Table criteria for intussusception after a rotavirus vaccine.  On June 21, 2018, the Chief Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation for P.A., in that she met the Table criteria for intussusception after a rotavirus vaccine.

## II.   **Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

### A.   Medicaid Lien

Respondent proffers that P.A. should be awarded funds to satisfy the State of New York Medicaid lien in the amount of $4,879.52, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of New York may have against any individual as a result of any Medicaid payments that the State of New York has made to or on behalf of P.A. from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about February 28, 2017, under Title XIX of the Social Security Act.  Reimbursement of the State of New York lien shall be made through a lump sum payment of $4,879.52, representing compensation for satisfaction of the State of New York lien, payable jointly to petitioner and

New York State Department of Health
Mail to:
NEW YORK STATE DEPARTMENT OF HEALTH
P.O. Box 415874
Boston, MA 02241-5874
Recovery Case #: 123918

Petitioner agrees to endorse this payment to the New York State Department of Health.

---

[1] Should P.A. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2

B.      Annuity

An amount sufficient to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide payments to P.A. as set forth below:

Beginning October 23, 2034, $22,893.46 per year for four years certain.

Should P.A. predecease any of the certain payments set forth above, said payments shall be made to her estate.  Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of P.A.'s death.

This amount represents all elements of compensation to which P.A. would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.[5]

## III.    Summary of Recommended Payments Following Judgment

A.      Medicaid Lien:                                                              **$4,879.52**
B.      An amount sufficient to purchase the annuity contract described
         above in section I. B.

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

[5] At the time payment is received, P.A. will be an adult, and thus guardianship is not required.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

*/s/Darryl R. Wishard*
DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4357

Dated:  February 1, 2019

4